### 10397. SIMMONS *v.* COMMERCIAL BANK OF SAVANNAH.

JENKINS, J. The Commercial Bank of Savannah sued Tucker, Pearson, Simmons, and Anderson on a promissory note made by Tucker and payable to the other defendants. The petition alleged, that the note was "discounted or sold" by Tucker to the petitioner before maturity; that it had been protested for non-payment; and that the petitioner had served each of the defendants with the statutory notice of suit in order to collect attorney's fees. Simmons filed on his own behalf both a demurrer and an answer. The purport of the demurrer was that the petition failed to show whether the note was bought or discounted; that if bought it failed to show what was paid for it, and if discounted what amount was retained as discount. The answer of

Simmons alleged that he was merely a surety on the note, and had given the statutory notice to that effect; that it was a renewal of a similar previous note; that he signed the original note at the request of Tucker and upon the faith of Tucker's representations to him that the other indorsers were responsible; that prior to his signing the renewal note sued on the other indorsers "had conveyed their property to their wives and had apparently prepared to defeat the collection of this debt," which fact, although unknown to him and known to both Tucker and the bank at the time the renewal note was executed, was not disclosed to him by either of them; and that by reason of these facts the plaintiff had so increased his risk and liability as to work a discharge in his favor. The court overruled the demurrer, and on motion struck the answer, except so far as it related to attorney's fees, and, after hearing evidence upon the issue as to the giving of notice for attorney's fees, rendered judgment against all the defendants as prayed for.

1. The demurrer was properly overruled. The necessary meaning of the petition is that plaintiff became owner and holder of the note before maturity, and the transaction is therefore presumed to have been bona fide and for value. Civil Code (1910), § 4288. The word "discounted," as here used, necessarily has the meaning, and in terms is shown to have been used as synonymous with, "sold;" and in such a case it is not required that the purchaser of a note shall state the price paid therefor. McCall v. Herring, 116 Ga. 235, 242 (42 S. E. 468); 3 R. C. L. 977, § 187.

2. There was no error in striking the plea. It does not appear that the bank was guilty of any fraud on its part. The plea sets forth that the original note was signed purely at the request of Tucker, and that the defendant relied only upon Tucker's representations as to the responsibility of the other indorsers. It does not even appear that the bank knew that such representations had been made, or that it knew that defendant was merely a surety. No duty devolved upon the bank to voluntarily furnish information concerning the solvency of the other indorsers or sureties, in order to prevent the renewal by defendant of a note already signed by him purely at the instance of another and solely upon that person's representations. Broughton v. Lazarus Co., 13 Ga. App. 153 (78 S. E. 1024).

3. There was sufficient evidence as to service of the required notice to collect attorney's fees, and the court did not err in entering up judgment for the plaintiff.

*Judgment affirmed. Stephens and Smith, JJ., concur.*
DECIDED NOVEMBER 6, 1919.

Complaint; from city court of Savannah—Judge Freeman, October 3, 1918.

*W. B. Stubbs,* for plaintiff in error.
*U. H. McLaws,* contra.